Bullard, J.
The plaintiff who sues as administrator of the estate of Marie Jeanne Guyot, deceased, wife of Francois Mari-onneaux, and of the community formerly existing between them, represents that, at the sale of the property belonging to the estate, Louis Marionneaux, one of the heirs, purchased property to a larger amount than his share of the estate, payable one-third in March, 1833, one-third in March, 1834, and one-third in March, 1835, which purchases were according to the terms of the sale to bear interest at ten per cent from the time the instal-ments fell due, until paid: that being one of the heirs, he was not bound to pay until the final liquidation of the estate, and then only the amount over and above his virile share. He represents, that the estate has been finally liquidated, so as to show the amount coming to each heir. It is alleged, that the defendant owes a balance of $539 72, with interest at ten per cent, from April, 1838, for which this suit is brought.
*667 This balance is ascertained by adding the interest due on the purchase up to the payment of each instalment paid by him, or coming to him as heir, and carrying forward the balance, with interest to the next payment or compensation up to April, 1838, when the final balance was struck, and the interest according to the terms of the sale is then charged upon the balance against the defendant. The liquidation of the estate appears to have been made in 1840, showing the share coming to each, and how far the purchases made by any one of the heirs fell short of, or exceeded, his distributive share.
The defendant who was condemned to pay the above balance, with interest at ten per cent, has appealed from the judgment, and contends, in this court; 1st. That there was no liquidation, or partition of the estate, until the 28th of March, 1840. 2d. That the defendant, one of the heirs, was not obliged to pay for the property purchased by him until that time, according to articles 1265 and 2603, of the Civil Code. 3d. That he was not, consequently, in default, and owes no interest on the purchase money previously to March, 1840. 4th. That the whole amount claimed is for interest, the principal having been paid. 5th. That in the settlement and partition the defendant was not charged with interest, and that that settlement is conclusive.
The two first of these propositions are undeniable, but we think it does not follow as contended for, that the heir who purchases owes no interest, when such interest has been expressly stipulated, and consequently forms a part of the price. If it were otherwise, the condition of the heirs who purchase would be more favorable than that of those who do not purchase, because they would enjoy a part of the property, without any equivalent, until the final settlement among the heirs, and their portions would thus be unequal. If the partition were now to be made, the mass would be composed in part of the price for which the property sold, with the interest added up to this time, and the heir who purchased would owe the balance after deducting his portion. But it appears that in this case, the heirs received their portions by instalments corresponding with the terms of sale of property as above explained, and the interest is charged only on the balance due after the last instalment, in *668 1838. The settlement with the defendant was made as if he were a stranger to the estate, and had purchased property at the the sale, and had, from time to time, made partial payments. Such payments or compensations were imputed to the aggregate of capital-and interest at each term of payment, in the usual manner of calculating interest, when partial payments have been made exceeding the amount of interest due.
The only doubt we have entertained in this case is, whether the administrator could maintain such an action, inasmuch as his duties consist mainly in liquidating the estate quoad the creditors. But as the plaintiff is himself one of the heirs, and no exception has been made on that ground, we have not thought it our duty to notice it. The judgment does not appear to us erroneous upon the merits.

Judgment affirmed.

Plaintiff having commenced an action against a city corporation for damages for oppressive and illegal proceedings on the part of the President and Council, in which she 'alleged that the latter, though acting officially, were really actuated by private interest and malice,’ obtained an injunction restraining them from entering upon and committing any trespass on her property. Defendants disregarded the injunction, and demolished a portion of a building forming part of the property. The jury returned a verdict in favor of plaintiff for an amount greatly exceeding the actual damage to the property, and there was judgment accordingly. On appeal: Held, that the acts of the President and Council having been alleged to he wilful and malicious, plaintiff cannot recover vindictive damages against the corporation, but only an indemnity for the loss actually sustained by her.